17-9544 Arellano v. Sessions. Good morning judges. May it please the court and government counsel Mr. Oettinger, Sandra Saul-Therese Miller on behalf of Mr. Arellano. Could you pull your microphone up? It's kind of cutting in and out. Is that better? That is overarching principle in this case is federalism, as in Michigan v. Long. That is when a state court has interpreted its own law, that interpretation is binding and all other courts are bound by it. And the Board of Immigration Appeals and the immigration judge both stated in their decision that there was no Colorado law in the record that spoke to this, although they did cite People v. Whitley, which is a Colorado Court of Appeals court from 1999, which was decided prior to the BIA decision, or the BIA could have, in fact, gone to People v. Abiodon and they didn't do so. They didn't do so. And if they had looked to Abiodon, they would have found or ascertained that, in fact, the statute at hand, the Colorado criminal statute 18-18405 was, in fact, indivisible. And this court, this very court in McKibbin, found that... Well, let me ask you this. In both the Colorado case, or the underlying state court case, Colorado case and the Tenth Circuit case, the focus was on the means by which you could violate the statute, whether you had possession, whether you were distributing, whether you were using the controlled substance. That's not the issue here. The issue here is the identification of the substance itself. So couldn't it be non-divisible for purposes of how you can violate it, but divisible when you're talking about which schedule applies? And, in fact, doesn't it have to be divisible as to schedules because the penalty changes based on the schedule? That is a great question, but I think... Thank you. And that is the overriding mantra, but it doesn't matter whether it's schedule or the identification, because that only goes to punishment. And the identification, it's still indivisible. Hasn't the Supreme Court told us that if the punishment is dictated by it, it's an element? Well, the Supreme Court has said that in so many ways. No, they said it exactly in Mathis. But, even if they said it in Mathis, which they did, okay, it's tethered to... And they told us to apply their steps, their tools. But, in the Colorado Supreme Court, because they also said you have to look at the Colorado or the state courts, it is not. It is indivisible. I would disagree with that. I mean, my opinion would be what you're asking. I would agree with that, but that's not what Colorado says. But at the time of the 1998 conviction, and that was pre-apprendi. But, even when Colorado was saying that it wasn't an element, they were saying it was a non-element that had to be tried to a jury and be found beyond a reasonable doubt. That sounds an awful lot like an element to me. Well, that was post determined. But, in terms of, at the time of the conviction in 1998, that wasn't the state of the law. It wasn't the state of the law in 1998 that the jury had to find, make those findings? Not to, it wasn't an element. It was a means. Well, I'm not, I mean, Mathis also tells us not to necessarily look at the labels that the time, but to look at the substance. And so, I'm not asking you whether you want to call it an element or not, or whether the state court called it an element. I'm asking, didn't the jury have to find what the substance was and the amount of the substance? As essentially, whether you want to call it an element or not, they had to make that finding. Right. I'm sorry. I'm looking at the clock because I know it sounds like a little bit of like a broken record, but I do believe and assert that, again, in Colorado, at the time, that statute was indivisible. And if you look at McKibbin, at Abiodun, notwithstanding the issue you raised, I would argue, submit to you, that it's indivisible and it's about federalism because the state court has spoken. I'm going to reserve the rest of the time I have. You have nine minutes. 9.05. Okay. I'm going to reserve. Okay. Thank you. May it please the court, my name is Tony Pottinger. I represent the government in this matter. I'll just briefly comment Esteemed Council's arguments with respect to federalism. The Apprendi case and Mathis, which echoed Apprendi, is actually instructive on this. And it says that just because a state court has held a certain holding on a interpretation of a statute in its state, that's not infallible. It's not permanent. In fact, the Apprendi case involved just that, overturning a New Jersey Supreme Court interpretation of its own statute. I think the answer here, as contemplated by some of the questions and discussion in the petitioner's opening, is answered by Apprendi and echoed by Mathis more recently. And that is that if it's a different punishment, then we're talking elements. Regardless of what the statute might say about means, regardless of what a state court decision might say in terms of calling it means versus element. So I think this court can rest comfortably affirming the decision of the agency based on its read of Apprendi and Mathis. Pending this court's questions, the government would submit on its briefs. No questions. I would like to address the issue again. If Judge Moritz could restate the last question about the jury. I didn't quite answer that fully. I think it was the same question I think Judge McHugh asked about it. Doesn't this have to be, doesn't the jury have to decide the amount and the nature of the substance? Isn't that a fact question for the jury and doesn't Mathis tell us that that is indicative that it is an element? Strongly indicative? After Apprendi, yes and no. After Apprendi, the Colorado courts didn't actually follow Apprendi until Ring versus United States, US Supreme Court case. And then the Colorado Supreme Court did in fact state that a jury has to determine the elements. But again it doesn't answer the overarching question is number one, 1998 conviction, pre-Apprendi, Colorado courts did not adhere to the principle that the identification of the drug was necessarily to be, was not required to be found by the jury. It was a means and not an element. Even if you look at the jury instructions from the 1998 period, every, the jury instructions required the jury to find the specific substance that the defendant had had possessed or used or distributed and they had to find that beyond a reasonable doubt. How is that not consistent with Apprendi? Whether you call it an element or you call it a non-element that needs to be proved beyond a reasonable doubt. Well one should not necessarily look at the jury instructions at that time because again it was pre-Apprendi, it was 1998, Apprendi was 2000 and the jury instructions are only, one can only look at the jury instructions if there's no Colorado law on, at that issue and it's not dispositive. If the Colorado Supreme Court says that the substance or those different elements are substances, that's one thing, but that wasn't the case. They were all in the disjunctive and you could, under Mathis, under Taylor, under Descamp, under Melloui, you cannot or one cannot look outside of the statute. It's a categorical approach as opposed to a modified categorical approach because it was indivisible and therefore the jury instructions cannot be reviewed for this issue because it is indivisible, because it's categorical. That is our position and it always goes back to again to federalism, that this agency, the BIA, cannot determine or the Supreme Court has determined, has found and that is under Michigan v. Long, People v. Johnson. It is pure federalism and this court also in Lujan in June of this year found that criminal trespass was a single offense contrary to what the Board of Immigration Appeals said. They incorrectly determined that trespass was a divisible crime. Again, McKibbin, Lujan, all these cases spoke to and they deferred to the Colorado Supreme Court. So what I would ask this court to look at these decisions and McKibbin, especially in Lujan, McKibbin actually is a controlled substance case and they do discuss and deferred to Abiodun. So I think this case has been erroneously decided both by the Board of Immigration Appeals and the immigration judge and moreover when the BIA said and the immigration judge that there was no Colorado state law in the record, that was a misnomer and there was a lot of law and notwithstanding that prior counsel never submitted or argued Colorado law which was there like Abiodun, it doesn't relieve the agency from looking at the appropriate and applicable Colorado law. They had no problem looking at People v. Whitley which was a Court of Appeals case. They could have looked at Abiodun and they would not have had to go into their erroneous analysis. If they had looked at Abiodun, it would have foreclosed any further review and they would have found that under the categorical approach it was in fact and is in fact indivisible and that's that was obviously not de novo review because de novo review, if they called it de novo review, they named it de novo review, but they did not do a real actual de novo review analysis and for that reason it also should have been a three-member panel and this case should be reversed and reviewed by the agency. Thank you.